NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| RICHARD KAPLAN, | : | |
| Petitioner, | : | Civil Action No. 13-3023 (JEI) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**APPEARANCES:**

Richard Kaplan
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963
    Petitioner pro se

**IRENAS**, District Judge

    Petitioner Richard Kaplan, a prisoner currently confined at the Federal Correctional Institution at Otisville, New York, has submitted a petition for a writ of error coram nobis, pursuant to the "All Writs Act," 28 U.S.C. § 1651.[1] The sole respondent is the United States of America.

---

[1] Section 1651 provides, in relevant part:

    (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

I.  BACKGROUND

On April 20, 2007, Petitioner waived indictment and pled guilty in this Court to one count of receiving corrupt payments, in violation of 18 U.S.C. § 666(a)(1)(B) and (a)(2).  See generally United States v. Kaplan, Crim. No. 07-0329 (D.N.J.).[2]  On September 7, 2007, this Court entered judgment in Criminal Action No. 07-0329 (D.N.J.), sentencing Petitioner to a term of imprisonment of 30 months, to be followed by a three-year term of supervised release.  Id., Docket Entry No. 11.  Petitioner never filed a direct appeal from that judgment, nor did he file any motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Petitioner asserts that the term of imprisonment was discharged on December 24, 2009.  He remains imprisoned on another matter.[3]  Accordingly, he has yet to begin serving the three-year term of supervised release.

Here, Petitioner has submitted a Petition for writ of error coram nobis, challenging his conviction in Criminal Action No. 07-0329, on the grounds that he received ineffective assistance of trial counsel and that his decision to plead guilty was not knowing, intelligent, and voluntary, due to his counsel's allegedly ineffective representation.  Petitioner also has submitted a Request for leave to amend the Petition, to assert an additional claim for relief, that the trial court incorrectly treated the U.S. Sentencing Guidelines as mandatory, rather than as advisory.[4]

---

[2] In his Petition, Petitioner mistakenly references United States v. Kaplan, Crim. No. 08-0581 (D.N.J.), in addition to Criminal Action No. 07-0329 (D.N.J.).

[3] On March 24, 2010, this Court sentenced Petitioner to a 108-month term of imprisonment, to be followed by a three-year term of supervised release, pursuant to his conviction of the use of interstate commerce facilities in the commission of murder-for-hire, a crime he committed while he was confined, in violation of 18 U.S.C. § 1958.  United States v. Kaplan, Crim. No. 08-0581 (D.N.J.), Docket Entry No. 38.

[4] The Request for leave to amend the Petition was filed as Docket Entry No. 25 in the criminal action, Crim. No. 07-0329.  The Clerk will be directed to docket a copy in this action.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976), cited with approval in Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus or other petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (petition for writ of habeas corpus under 28 U.S.C. § 2254); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985) (§ 2254 petition), cert. denied, 490 U.S. 1025 (1989); Medina v. U.S., Civ. No. 12-0238, Crim. No. 86-0238, 2012 WL 742076, *7 (S.D.N.Y. Feb. 21, 2012) (petition for writ of error coram nobis).

## III. ANALYSIS

The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985); Massey v. U.S., 581 F.3d 172, 174 (3d Cir. 2009). The writ of error coram nobis is just such an extraordinary remedy and a court's ability to grant relief is of correspondingly limited scope. U.S. v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011); United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). The writ of error coram nobis allows a court to vacate its judgments "for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914). Accordingly, the Supreme Court has held that this remedy should be allowed "only under

circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954).

The writ of error coram nobis is a step in a criminal case. U.S. v. Morgan, 346 U.S. at 505 n.4 (1953). Thus, it is properly brought before the Court that imposed the challenged criminal judgment. See Hauptmann v. Wilentz, 570 F.Supp. 351, 401 (D.N.J. 1983), aff'd, 770 F.2d 1070 (3d Cir. 1985), cert. denied, 474 U.S. 1103 (1986). In light of the many avenues available in federal criminal practice to challenge alleged trial errors or irregularities, however, the Supreme Court has held that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citation omitted).

Of specific import, here, the writ of error coram nobis is used to attack allegedly invalid convictions only when the petitioner is suffering continuing consequences of the conviction, but is no longer in custody for purposes of challenging his conviction through 28 U.S.C. § 2255. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).

> Coram nobis relief is available only to a petitioner who is not in "custody." United States v. Stoneman, 870 F.2d 102 (3d Cir. 1989). A defendant serving a term of supervised release remains in "custody" and cannot obtain relief through a writ of error coram nobis. United States v. Sandles, 469 F.3d 508, 517 (6th Cir. 2006).

Ajao v. United States, 256 Fed.Appx. 526, 527, 2007 WL 4219466, *1 (3d Cir. 2007). See also United States v. White, 141 Fed.Appx. 653, 2005 WL 1939892 (9th Cir. 2005) (where petitioner has completed term of incarceration under challenged conviction, and is presently confined pursuant to another conviction, but has not yet begun serving term of supervised release under challenged conviction, he remains "in custody" under the challenged conviction and may not obtain coram nobis relief).

Here, although presently confined on another conviction, Petitioner remains subject to an unexpired term of supervised release pursuant to the challenged conviction in Criminal Action No. 07-0329 (D.N.J.). Accordingly, he may not proceed to challenge that conviction through a petition for writ of error coram nobis. Thus, the Petition must be dismissed and the Request for leave to amend will be denied as futile.

## IV. CERTIFICATE OF APPEALABILITY

No certificate of appealability is necessary to appeal from the dismissal of a petition for writ of error coram nobis. See Ajao v. United States, 2007 WL 4219466, n.1; U.S. v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

## V. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. No certificate of appealability shall issue. An appropriate order follows.

    s/ Joseph E. Irenas
Joseph E. Irenas
United States District Judge

Dated: 7/24/13